IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTAF HUSSAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2755 |
| | § | |
| ROBERT S. MUELLER, | § | |
| Director, Federal Bureau of | § | |
| Investigation; MICHAEL B. | § | |
| MUKASEY,[1] U.S. Attorney | § | |
| General; MICHAEL CHERTOFF, | § | |
| Secretary, Department of | § | |
| Homeland Security; SANDRA M. | § | |
| HEATHMAN, Field Office | § | |
| Director, Houston Office, U.S. | § | |
| Citizenship and Immigration | § | |
| Services; EMILIO GONZALEZ, | § | |
| Director, Citizenship and | § | |
| Immigration Services, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendants Robert S. Mueller, Michael B. Mukasey, Michael Chertoff, Sandra Heathman, and Emilio Gonzalez's (collectively "Defendants") Motion to Dismiss (Document No. 6). After having considered the motion, response, supplemental submissions, and the applicable law, the Court concludes for the reasons set forth below that Defendants' Motion to Dismiss should be granted.

---

[1] On November 9, 2007, Michael B. Mukasey succeeded Alberto Gonzales as United States Attorney General. Pursuant to Fed. R. Civ. P. 25(d), Mukasey is substituted as Respondent in this case.

I. <u>Background</u>

The facts in this case are not in dispute. On or about February 16, 2006, Altaf Hussain ("Plaintiff"), a native and citizen of the Islamic Republic of Pakistan, filed a naturalization application--an N-400 Application--with United States Citizenship and Immigration Services (the "USCIS" or "CIS"). *See* Document No. 1. On February 24, 2006, the USCIS instituted the mandatory Federal Bureau of Investigation ("FBI") background and name check investigation in order to examine Plaintiff's criminal and national security backgrounds. *See* Document No. 6 at 2. The FBI background and name check investigation remains pending. <u>Id.</u> The USCIS has not scheduled an in-person interview and examination of Plaintiff, a subsequent step in the naturalization process, because it is awaiting the results of the FBI background and name check investigation; however, Defendants state that they will do so once the FBI completes Plaintiff's background and name check investigation. <u>Id.</u> Plaintiff's naturalization application has been pending for over two years.

Plaintiff brought suit asking the Court to compel the adjudication of his naturalization application. *See* Document No. 1 at 5. Plaintiff asserts subject matter jurisdiction based on: (1) the Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201;[2]

---

[2] The DJA is "a procedural statute, not an independent basis of federal jurisdiction." <u>Bauhaus USA, Inc. v. Copeland</u>, 292 F.3d

(2) the mandamus statute, 28 U.S.C. § 1361; (3) the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701-06; and (4) 8 U.S.C. § 1447(b), authorizing a naturalization applicant to seek judicial review for delayed determinations.[3]  Defendants now move for dismissal pursuant to Rule 12(b)(1) for want of subject matter jurisdiction, arguing that, because "there simply is no nondiscretionary duty to schedule an interview on a naturalization application when the FBI has yet to complete its [background and name check] investigation of the applicant," none of the jurisdictional bases asserted by Plaintiff has merit.  *See* Document No. 6 at 4-5.

---

439, 447 (5th Cir. 2002); *see also* In re B-727 Aircraft Serial No. 21010, 272 F.3d 264, 270 (5th Cir. 2001) ("[The DJA] does not provide a federal court with an independent basis for exercising subject-matter jurisdiction." (citation omitted)); 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2766 (3d ed. 1998).  Plaintiff cannot establish subject matter jurisdiction by his reference to the DJA.

[3]  By its express language, 8 U.S.C. § 1447(b) grants naturalization applicants the right to seek judicial intervention only "[i]f there is a failure to make a determination . . . before the end of the 120-day period after the date on which the *examination* is conducted."  *See* 8 U.S.C. § 1447(b) (emphasis added).  It is uncontested that Plaintiff's examination has not yet occurred; therefore, § 1447(b) is inapplicable to this case.  *See* Saba-Bakare v. Chertoff, 507 F.3d 337, 340 (5th Cir. 2007) ("[Section 1447(b)] provides district courts the authority to review a naturalization application that has not been decided more than 120 days after an in-person examination."); Walji v. Gonzales, 500 F.3d 432, 438-39 (5th Cir. 2007) (per curiam) (agreeing with other courts that "the term 'examination' in § 1447(b) refers to a discrete event--the agency's initial interview of the applicant-- and that the 120-day period begins to run as of the date that interview is concluded").

II.  Standard of Review

In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations.  *See* id.  Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks.  *See* Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings.  Id.  When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the pleadings are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true.  Id.  When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack.  Id.  "A 'factual attack' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  Menchaca v.

4

Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980); Taylor v. Dam, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003). A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. Paterson, 644 F.2d at 523.[4]

### III.  Discussion

A.  Regulatory Framework

"The USCIS, acting on behalf of the Attorney General, has the primary authority to adjudicate applications to naturalize persons as citizens of the United States." See Abusadeh v. Chertoff, No. 07-3155, 2007 WL 4591757, at *2 (S.D. Tex. Dec. 27, 2007) (citing 8 U.S.C. § 1421(a); Homeland Security Act of 2002, Pub. L. No. 107-296, § 1512(d), 116 Stat. 2135, 2310). The naturalization process consists of five basic steps. First, the applicant files his application. Second, unless waived by the USCIS, the FBI conducts a background and name check investigation of the applicant. Third, the USCIS conducts an in-person interview of the applicant and administers prerequisite examinations. Fourth, the

---

[4] Although Defendants attach evidence--Plaintiff's Application Status Report as of November 13, 2007 and Plaintiff's FBI Name Check Status Report--to their Motion to Dismiss, this evidence is consistent with the facts proffered in Plaintiff's Complaint. See Document No. 6, exs. A, B. The distinction between facial and factual attack is therefore immaterial.

USCIS makes its ultimate decision within 120 days of the in-person interview and examinations.  Fifth, and finally, if approved the applicant takes the oath of allegiance.  *See* Walji v. Gonzales, 500 F.3d 432, 433-34 (5th Cir. 2007) (per curiam) (citing 8 U.S.C. § 1446; 8 C.F.R. § 335.2-.3); Omar v. Mueller, 501 F. Supp. 2d 636, 638 (D.N.J. 2007) (summarizing the naturalization process).

"The regulations provide that the examination is to be conducted *only after the FBI has provided a 'definitive response that a full criminal background check of the applicant has been completed'* by confirming (1) the applicant has no administrative or criminal record, (2) the applicant has an administrative or criminal record, or (3) the FBI cannot definitively respond because the necessary fingerprints analysis cannot be completed on the available information."  Walji, 500 F.3d at 433-34 (citing 8 C.F.R. § 335.2(b)(1)-(3)) (emphasis added).  Thus, according to the governing regulations, the USCIS must wait until the FBI completes its background and name check investigation before interviewing and examining the applicant.  *See* 8 C.F.R. § 335.2(b); *see also* Walji, 500 F.3d at 433-43, 439.  Once the USCIS conducts the interview and examinations, it must render a decision within 120 days.  8 U.S.C. § 1447(b); Walji, 500 F.3d at 438-39.

6

B. <u>Analysis</u>

"Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." <u>Johnson v. United States</u>, 460 F.3d 616, 621 n.6 (5th Cir. 2006); <u>Home Builder's Ass'n of Miss., Inc. v. City of Madison</u>, 143 F.3d 1006, 1001 (5th Cir. 1998).

To obtain a writ of mandamus, a plaintiff must establish "(1) a clear right to the relief, (2) a *clear duty by the respondent to do the act requested*, and (3) the lack of any other adequate remedy." <u>In re Stone</u>, 118 F.3d 1032, 1034 (5th Cir. 1997)) (emphasis added). The party seeking mandamus carries the burden of showing that his right to mandamus relief is "clear and indisputable." <u>Miller v. French</u>, 120 S. Ct. 2246, 2254 (2000). Likewise, the APA, invoked by Plaintiff, provides redress in the from of compelling "agency action" that is "unreasonably delayed or withheld." *See* 5 U.S.C. § 706(1). As the Supreme Court has clarified, agency delays or "failures to act are sometimes remediable under the APA, but not always." <u>Norton v. S. Utah Wilderness Alliance</u>, 124 S. Ct. 2373, 2378 (2004). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency has failed to take a *discrete* agency action that it is *required to take*." <u>Norton</u>, 124 S. Ct. at 2379 (emphasis in original).

In Walji, the Fifth Circuit held that a district court has jurisdiction to review a claim of unreasonable delay if the USCIS does not render a decision on a naturalization application within 120 days after the in-person interview and examinations regardless of whether the other steps--including the background and name check investigation--have been completed.  Id. at 433, 439.  The court rejected the argument that the 120-day deadline did not begin until after the entire process--including the background and name check investigation--was completed.  Id.

Pertinent to the case at bar, Walji further observed that "because there is currently no required period of time for CIS to conduct the . . . [in-person] interview, CIS *could avoid the jurisdiction of the courts* by following its own order of events" and refuse to conduct the applicant's in-person interview and examinations until the USCIS receives a definitive response from the FBI that the background and name check investigation has been completed.  *See* Walji, 500 F.3d at 439 (emphasis added).  The court observed that a natural result from the USCIS following its own order of events could be "long waiting times for applicants."  Id. In the instant case the USCIS has followed its own order of events: it plans to conduct Plaintiff's in-person interview and examinations after it receives a definitive response from the FBI that Plaintiff's background and name check investigation has been completed.  Plaintiff has not pled that Defendants have failed to

8

perform any act that they presently have a *clear duty* to perform as a basis for mandamus relief, nor has he pled any failure on the part of Defendants to undertake any discrete action that they are required to perform as a predicate to invoke the remedy of the APA. Moreover, because the USCIS has not conducted an in-person examination of Plaintiff, the 120-day period following such an examination has not begun to run and, necessarily, has not expired, and this Court therefore has no subject matter jurisdiction over Plaintiff's Complaint.

## IV.  Order

Accordingly, it is

ORDERED that Defendants Robert S. Mueller, Michael B. Mukasey, Michael Chertoff, Sandra Heathman, and Emilio Gonzalez's Motion to Dismiss (Document No. 6) is GRANTED and this action is hereby DISMISSED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 19th day of June, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE